IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRENDA LEE BRAUN, | : |
| Plaintiff, | : |
| v. | : Civ. No. 13-446-RGA |
| TERRENCE C. GLASS, | : |
| Defendant. | : |

Brenda Lee Braun, Lancaster, Pennsylvania, Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 3, 2013
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Brenda Lee Braun filed this action seeking damages as a result of a slip and fall and sexual assault. She appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff alleges that Defendant forced her to engage in sexual relations or she "would be put out on the street in the cold with no place to live." In addition, on December 1, 2011, Plaintiff was helping pack items into Defendant's truck when she slipped and fell in Defendant's driveway and sustained a compound fracture. Plaintiff was a citizen of the State of Delaware at the time she filed the Complaint (she now resides in Pennsylvania); Defendant is a citizen of the State of Pennsylvania; and Plaintiff alleges damages in the amount of $120,000. Hence, the requisites for diversity jurisdiction are met. *See* 28 U.S.C. § 1332(a).

The case, however, is not properly venued in this district. In a civil action, venue is proper only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). Here, Defendant resides in Pennsylvania and the events giving rise to the claim occurred in Pennsylvania.

Where a plaintiff brings a case in the wrong venue, the court must either dismiss the case or "transfer [it] to any district or division in which it could have been brought" "if

it be in the interest of justice . . . ." 28 U.S.C. § 1406(a). The court may transfer a case pursuant to § 1406(a) either upon motion by the defendant or *sua sponte*. *See Lafferty v. St. Riel*, 495 F.3d 72, 74-75, 75 n.3 (3d Cir. 2007) (leaving undisturbed the district court's *sua sponte* transfer of a case pursuant to § 1406(a)); *Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) ("Under 28 U.S.C. § 1406(a), a district court, upon a motion or *sua sponte*, may transfer a case to a court of proper jurisdiction when such a transfer is in the interest of justice.")

Having considered all of the factors governing venue,[1] the Court will order the transfer of the case to the United States District Court for the Eastern District of Pennsylvania as venue is proper there.

An appropriate order will be entered.

---

[1] *See, e.g.*, 28 U.S.C. § 1404(a) which provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See also Calkins v. Dollarland, Inc.*, 117 F. Supp. 2d 421, 428 (D.N.J. 2000) (setting forth the factors to consider for transferring venue).